UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------------- x

ANDREW HALL,

                                                    Plaintiff,

                    -against-

THE CITY OF NEW YORK, POLICE OFFICER
WILLIAM GASPARI, tax # 941799, POLICE OFFICER
·DANIEL NICOLETTI, tax # 942271, SERGEANT
ROBERT CONWELL, tax # 925115, POLICE OFFICER
FRANCISCO DELOSSANTOS, tax # 928178,

                                                    Defendants.

----------------------------------------------------------------- x

**STIPULATION OF
SETTLEMENT AND ORDER
OF DISMISSAL**

CV 11-1853 (WFK)(VVP)

           **WHEREAS,** plaintiff commenced this action by filing a complaint on or about

April 15, 2011, alleging that defendants violated plaintiff's federal civil rights; and

           **WHEREAS,** defendants have denied any and all liability arising out of plaintiff's

allegations; and

           **WHEREAS,** the parties now desire to resolve the issues raised in this litigation,

without further proceedings and without admitting any fault or liability;

           **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED,** by

and between the undersigned, as follows:

           1.       The above-referenced action is hereby dismissed against defendants, with

prejudice, and without costs, expenses, or attorneys' fees in excess of the amount specified in

paragraph "2" below.

           2.       The City of New York hereby agrees to pay plaintiff ANDREW HALL

the sum of FIFTEEN THOUSAND DOLLARS ($15,000.00) in full satisfaction of all claims,

including claims for costs, expenses and attorneys' fees. In consideration for the payment of this sum, plaintiff agrees to dismissal of all the claims against the defendants and to release the defendants and any present or former employees and agents of the City of New York or any entity represented by the Office of the Corporation Counsel, from any and all liability, claims, or rights of action alleging a violation of plaintiff's civil rights, from the beginning of the world to the date of the General Release, including claims for costs, expenses, and attorneys' fees.

3.     Plaintiff shall execute and deliver to defendants' attorney all documents necessary to effect this settlement, including, without limitation, a General Release based on the terms of paragraph 2 above and an Affidavit of Status of Liens. If Medicare has provided payment and/or benefits for any injury or condition that is the subject of this lawsuit, prior to tendering the requisite documents to effect this settlement, Plaintiff shall have notified Medicare and shall submit with the settlement documents a Medicare final demand letter for conditional payments. A Medicare Set-Aside Trust may also be required if future anticipated medical costs are found to be necessary pursuant to 42 U.S.C. §1395y(b) and 42 C.F.R. §§411.22 through 411.26.

4.     Nothing contained herein shall be deemed to be an admission by the defendants that they have in any manner or way violated plaintiff's rights, or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, rules or regulations of the United States, the State of New York, or the City of New York or any other rules or regulations of any department or subdivision of the City of New York. This stipulation shall not be admissible in, nor is it related to, any other litigation or settlement negotiations.

5.     Nothing contained herein shall be deemed to constitute a policy or practice of the City of New York or any agency thereof.

6.      Plaintiff agrees to hold harmless the City of New York and defendant officers regarding any liens or past and/or future Medicare payments, presently known or unknown in connection with this matter.  If conditional and/or future anticipated Medicare payments have not been satisfied, defendants reserve the right to issue a multiparty settlement check, naming Medicare as a payee or to issue a check to Medicare directly based upon Medicare's final demand letter.

7.      This Stipulation and Order contains all the terms and conditions agreed upon by the parties hereto, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Stipulation and Order regarding the subject matter of the instant proceeding shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

Dated: New York, New York
March 16 , 2012


Richard Cardinale, Esq.                          MICHAEL A. CARDOZO
26 Court Street, Suite 1815                       Corporation Counsel
Brooklyn, New York 11242                              of the City of New York
                                                  Attorney for Defendants
                                                  100 Church Street, Room 3-313
                                                  New York, N.Y. 10007


By: _____          By: _____
Richard Cardinale                                 Kate F. McMahon
                        3/1/12                    Assistant Corporation Counsel
                                                  Special Federal Litigation Division


                                                  SO ORDERED:

                                                        s/WFK

                                                  _____
                                                  HON. WILLIAM F. KUNTZ, II
                                                  UNITED STATES DISTRICT JUDGE


4